**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**PAUL BRANCH,**

      **Petitioner,**

**vs.**                                   **Case No. 4:12cv248-WS/CAS**

**MICHAEL D. CREWS, as Secretary of
Florida Department of Corrections,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On May 15, 2012, Petitioner Paul Branch, proceeding pro se, filed a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a supporting memorandum.

Docs. 1 and 2.  Petitioner filed an amended § 2254 petition and supporting

memorandum on August 10, 2012.  Docs 11 and 12.  On April 11, 2013, Respondent

filed a motion to dismiss the § 2254 petition for failure to exhaust remedies in state

court.  Doc. 24.  Respondent filed corresponding exhibits on April 12, 2013.  Doc. 25.

Petitioner has not filed a reply to Respondent's motion, although given an opportunity to

do so.[1]  *See* Doc. 23.

_____

[1] Petitioner was released from Blackwater River Correctional Facility on
September 12, 2012, and is no longer in custody.  *See* Doc. 14; Doc. 24 at 8, n.2; *see*

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation, pursuant to the provisions of 28 U.S.C. § 636 and Northern District of Florida Rule 72.2(B). The pleadings and attachments before the Court show that Petitioner has not exhausted his remedies in state court and is not entitled to relief. *See* 28 U.S.C. § 2254(b)(1)(A).

## Procedural History

On November 4, 2010, Petitioner was charged by Information with two counts in connection with events that took place on September 4, 2010: (1) felony driving under the influence (DUI), contrary to section 316.193(2)(b)3., Florida Statutes; and (2) felony driving while license suspended or revoked (DWLSR), contrary to section 322.34(2)(c), Florida Statutes. Doc. 25 Ex. A. On January 10, 2011, Petitioner entered a plea of nolo contendere on both charges and was sentenced to 120 days in custody and three years of probation. Doc. 25 Exs. B and C.

On July 1, 2011, Petitioner's appointed counsel filed an appeal of the judgment and sentence to the First District Court of Appeal (DCA), and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that the appeal was "wholly frivolous" and, by separate motion, that Petitioner should be allowed to file his own brief. Doc. 25 Ex. F. Petitioner did not file an additional brief, and the First DCA per curiam affirmed the case without opinion on September 26, 2011. Doc 25 Ex. G; Branch v. State, 71 So. 3d 119 (Fla. 1st DCA 2011) (table). The mandate issued October 24, 2011. Doc. 25 Ex. H; *see* online docket for case 1D11-573 at www.1dca.org

---

*also* www.dc.state.fl.us.

On August 12, 2011, while the appeal of the judgment and sentence was pending in the First DCA, Petitioner was charged with violating his probation. Doc. 25 Ex. I. On October 10, 2011, Petitioner was adjudicated guilty for violation of probation. *Id.*, Ex. J. Petitioner's probation was revoked, and the state circuit court sentenced him to twenty months in prison. *Id*.

On October 12, 2011, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 25 Ex. I. Petitioner filed his most recent amended Rule 3.850 motion on February 6, 2012. Doc. 25 Ex. K. On September 11, 2012, the state circuit court issued an order denying Petitioner's fifth and sixth claims, and setting an evidentiary hearing for his first four claims. Doc. 25 Ex. O. Based on the information provided to this Court, it appears the circuit court has not yet ruled on the remaining claims in Petitioner's Rule 3.850 motion. *See* Doc. 25 Ex I.

In the meantime, on November 7, 2011, Petitioner filed a petition for writ of habeas corpus in state court. Doc. 25 Ex. Q. Petitioner amended his petition on January 19, 2012. Doc. 11 Ex. A. On January 23, 2012, the First DCA per curiam denied the petition without an opinion. Doc. 25 Ex. R; Branch v. State, 81 So. 3d 418 (Fla. 1st DCA 2012) (table). Petitioner filed a motion for rehearing on February 2, 2012, Doc. 25 Ex. S, which the First DCA denied on March 8, 2012. Doc. 25 Ex. T; *see* online docket for case 1D11-6069 at www.1dca.org.

On May 15, 2012, Petitioner filed his § 2254 petition and supporting memorandum in this Court. Docs. 1 and 2. On August 1, 2012, this Court issued an order on the § 2254 petition, allowing Petitioner to voluntarily dismiss the petition

without prejudice, or to file an amended petition setting forth the claims and remedies that Petitioner had exhausted in state court. Doc. 10. On August 10, 2012, Petitioner filed an amended § 2254 petition and supporting memorandum. Docs. 11 and 12. On April 11, 2013, Respondent filed a motion to dismiss the § 2254 petition for failure to exhaust remedies in state court. Doc. 24. On April 12, 2013, Respondent filed corresponding exhibits. Doc. 25. Petitioner has not filed a reply to Respondent's motion, although given the opportunity to do so. *See* Doc. 23.

## Analysis

From the information provided to the Court, from both Petitioner and Respondent, Petitioner still has a Rule 3.850 motion pending in the state circuit court. *See* Doc. 25 Ex I. The claims pending in that petition are raised in Grounds 1 and 2 of Petitioner's amended § 2254 petition. *See* Doc. 11 at 4-8; Doc. 25 Ex. K at 13-17.

Pursuant to § 2254, an application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). Furthermore, the statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

To properly exhaust state remedies, "state prisoners must give the state courts

one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court. 28 U.S.C. § 2254(b)(1)(A); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); <u>Picard v. Conner</u>, 404 U.S. 270, 275 (1971).

## Conclusion

Petitioner has not exhausted the remedies available to him in the state courts because his Rule 3.850 motion remains pending in the state court. Therefore, this case should be dismissed without prejudice to enable Petitioner to satisfy § 2254's exhaustion requirement.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000)

(explaining how to satisfy this showing) (citation omitted).[2]  Therefore, the Court should

deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis

should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App.

P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify

appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final

order, the court may direct the parties to submit arguments on whether a certificate

should issue."  Petitioner shall make any argument as to whether a certificate should

issue by filing objections to this report and recommendation.

### Recommendation

Accordingly, it is respectfully **RECOMMENDED** that Respondent's motion to

dismiss (Doc. 24) be **GRANTED**, the amended § 2254 petition for writ of habeas corpus

(Doc. 11) be **DISMISSED without prejudice**, and that a certificate of appealability be

**DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2013.

 S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] As dismissal of the petition is recommended solely on the procedural basis of failure to exhaust remedies in state court, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.